JOSIAH KNIGHT, *Ex'r, versus* HENRY BROWN *& al.*

The provisions of § 83, c. 82 of R. S., include executors on the estate of one in prison under sentence of death; and the defendant was properly excluded as a witness on the trial of the action.

EXCEPTIONS from the ruling of GOODENOW, J.

THIS was an action of ASSUMPSIT, commenced by George Knight, as the indorsee of a promissory note of which the defendants were makers.

Pending the suit, Knight was convicted of a capital offence, and, at the time of the trial, was in prison, under sentence of death. Before the trial, these facts had been suggested and entered upon the docket; and Josiah Knight, who had been appointed executor on his estate, appeared and was allowed to prosecute the suit.

On the trial of the action, to prove that the note had been paid, the defendants' counsel offered Henry Brown, one of the defendants, as a witness, but, the plaintiff objecting to the admission of the witness, the Court excluded his testimony. The defendants excepted, the verdict being against them.

*Goddard & Goodenow* argued in support of the exceptions.

*Record, Walton* and *Luce, contra.*

[In the papers sent up, and in the docket record of this Court, this action is entitled *George Knight* v. *Henry Brown & al.*]

The opinion of the Court was drawn up by

KENT, J. — This action, according to the facts stated in the exceptions, should be entitled, *"Josiah Knight, Executor of George Knight,* v. *Henry Brown & al."* The defendant Henry Brown offered himself as a witness; the plaintiff objected because the action came within the exception in § 83 of c. 82. It is clearly, on the face of the record, a case where one of the parties is an executor, and the witness

offered is a party. The defendant contends that the case should be taken out of the exception of the statutes, because the executor is not the executor of a " *deceased*" party. The case finds that George Knight is under sentence of death and confined in pursuance thereof, and that Josiah Knight is his executor and not the executor of a person actually deceased or naturally dead. The plaintiff replies that he is civilly dead, and that the executor was legally appointed and that the case is one where an executor is a party.

By § 25 of c. 65, R. S., it is provided that, when any person, by due course of law, is under sentence of death or of imprisonment in the State prison for life, and confined in pursuance thereof, he shall be deemed in law, from the time of such imprisonment, to all intents and purposes, as civilly dead, and his estate shall be administered upon and distributed, and his contracts and relations to persons and things affected in all respects as if he was dead."

This language is too plain to admit of any doubt, when applied to a case like this. All the legal rights, consequences and relations, which would arise or exist in case of the natural death of a person, must follow upon a sentence and imprisonment, such as is set forth in the above section.

In this case, it seems that an executor has been appointed and has become the party plaintiff, in pursuance of the provisions of the above section.

The earnest and elaborate argument of the counsel for the defendants might very properly be urged upon the Legislature, if a proposition to change this law was before that body. We can only administer the law as we find it.

*Exceptions overruled.*

*Judgment on the verdict.*

TENNEY, C. J., and RICE, APPLETON, GOODENOW, and DAVIS, JJ., concurred.